UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MIGUEL SANTOS, *pro se*,                              :
                                                      :      **SUMMARY ORDER**
                              Petitioner,             :      12-CV-4836(DLI)
                                                      :
              -against-                               :
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                              Respondent.             :
---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On September 24, 2012, *pro se* petitioner Miguel Santos ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (*See* Doc. Entry No. 1.) In a letter dated April 14, 2013, Petitioner requested a furlough from prison to visit his deceased mother's tomb.[1] (*See* 4/14/13 Ltr. from Pet., Doc. Entry No. 5.) The government opposes the request. (*See* Gov't Opp., Doc. Entry No. 7.) For the reasons set forth below, Petitioner's furlough request is denied without prejudice.

Petitioner is currently housed at the Moshannon Valley Correctional Institution ("MVC"). Petitioner's furlough request to visit his mother's tomb is governed by MVC's furlough program and MVC has adopted the Bureau of Prisons' ("BOP") Program Statement governing furloughs. The authority to approve a furlough is delegated to the Warden or Acting Warden of MVC. The government has consulted with the BOP with respect to Petitioner's request and BOP has confirmed that Petitioner has not sought a furlough through the MVC furlough program.

---

[1] The Court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court interprets Petitioner's letter "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

In addition, there is no constitutional right to a furlough, and the sole authority to grant an inmate's request for a furlough is with the warden of the institution in which the inmate is incarcerated. *See* 18 U.S.C. § 3622(a); 28 C.F.R. § 570.33; *Groppi v. Bosco*, 208 Fed. App'x. 113, 115 (3d Cir. 2006) (inmate has no constitutional right to receive a furlough); *United States v. Grass*, 561 F. Supp. 2d 535, 537 (E.D. Pa. 2008) (BOP has the exclusive discretion to decide whether to grant petitioner-inmate's request for a furlough); *see also Sandin v. Conner*, 515 U.S. 472, 483 (1995).

Petitioner must first request a furlough through the MVC furlough program. If Petitioner fails to obtain the furlough from MVC, he then may seek judicial review by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Any such petition must be filed in the federal district court where the petitioner is incarcerated, which, in this instance, is the Western District of Pennsylvania. *See* 28 U.S.C. § 2241(a) (district courts may grant habeas relief only "within their respective jurisdiction"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Newman v. United States*, 2009 WL 922070, at *1 (E.D.N.Y. Apr. 2, 2009).

[INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the reasons set forth above, Petitioner's request for a furlough is denied without prejudice. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
May 10, 2013

_____/s/_____
DORA L. IRIZARRY
United States District Judge