UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
MIGUEL SANTOS, *pro se*, :
:
                Petitioner, :
: **MEMORANDUM & ORDER**
            -against- : 12-CV-4836 (DLI)
:
UNITED STATES OF AMERICA, :
:
                Respondent. :
---------------------------------------------------------- X

**DORA L. IRIZARRY, United States District Judge:**

        On September 28, 2010, *pro se* petitioner Miguel Santos ("Petitioner") was convicted upon a plea of guilty to conspiracy to distribute and possess with intent to distribute cocaine base, cocaine and MDMA ("Ecstasy"), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii), (b)(1)(A)(ii)(II), and (b)(1)(C).[1] On April 1, 2011, this Court sentenced Petitioner to 120 months of incarceration, followed by five (5) years of supervised release. (Sentencing Tr. at 33:3-5, Dkt. Entry No. 4-5.) On July 9, 2012, the Second Circuit affirmed the judgment of this Court. *See United States v. Valerio, et al*, 472 F. App'x. 61 (2d Cir. 2012). Petitioner has not petitioned the United States Supreme Court for a *writ of certiorari*.

        On September 24, 2012, Petitioner filed a motion to "vacate, set aside or correct sentence," invoking 28 U.S.C. § 2255. (*See generally* Pet., Dkt. Entry No. 1.) Petitioner contends that he received ineffective assistance of counsel because his counsel failed to pursue a cooperation agreement with the government that may have afforded him a reduced sentence. (Pet. at 11.) In

---

[1] In reviewing petitioner's motion, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted).

the first instance, Petitioner seeks to have an opportunity to cooperate with the government and earn a reduced sentence. (*Id*. at 12.) In the alternative, Petitioner requests that the Court hold an evidentiary hearing so that he may prove that he received ineffective assistance of counsel. (*Id.* at 13-15.) For the reasons set forth below, Petitioner's Section 2255 motion is denied in its entirety.

## BACKGROUND

### I. Facts Underlying Petitioner's Guilty Plea

Many of the facts concerning Petitioner's role in the narcotics conspiracy at issue were adduced during the trial of two of Petitioner's co-conspirators before this Court.[2] (May 2010 Status Conference Transcript ("May 2010 Tr.") at 6:18-8:6, Dkt. Entry No. 4-2.) Petitioner served as a supplier of kilogram-quantities of cocaine to street-level narcotics dealers in the Bushwick section of Brooklyn, New York between 2004 and 2006. (Government's Response in Opposition ("Opp.") at 1, Dkt. Entry No. 4.) Petitioner stored kilogram amounts of cocaine inside of his auto body shop for distribution to the various drug dealers in the neighborhood, chief among them being Virgilio Hiciano ("Hiciano"), who testified at trial. (May 2010 Tr. at 6:25-7:2, 7:16-18.)

Moreover, Petitioner traveled to the Dominican Republic in search of Hiciano, then a fugitive, in order to recover drug debts that Hiciano owed. (*Id*. at 7:25-8:3.) When Petitioner was unable to locate Hiciano, he issued veiled written threats to Hiciano's family to compel repayment of the debts. (*Id*. at 8:3-4; Opp. at 2.) Petitioner was arrested on July 16, 2008 after he returned from the Dominican Republic. (Opp. at 2.)

---

[2] The Court presided over the joint trial of co-conspirators, Luis Batista ("Batista") and Henry Conde ("Conde"). Batista was convicted of the same conspiracy charge to which Petitioner pled guilty in addition to other charges. Conde was acquitted of all charges after trial.

## II. First Guilty Plea

On August 21, 2009, Petitioner, then represented by retained counsel Patrick Brackley, Esq. ("Brackley"), pled guilty to the above-referenced charge before the Honorable Robert M. Levy, U.S.M.J., pursuant to a written plea agreement. (Transcript of Guilty Plea, August 21, 2009 ("First Plea Tr."), at 16:15-19, Docket No. 06-cr-265,[3] Dkt. Entry No. 215.) During the plea allocution, Petitioner reduced his involvement in the narcotics conspiracy to arranging the one-time distribution of cocaine for a customer of the auto body shop in exchange for money that Petitioner could use to support his sick mother. (*Id*. at 27:3-29:16.) Brackley informed the magistrate judge that Petitioner was not stipulating to a role enhancement based upon his status as a supervisor in the narcotics conspiracy and planned to contest that classification at sentencing before this Court. (*Id*. at 23:9-17.) Brackley also informed the magistrate judge that Petitioner would seek safety valve relief[4] before the sentencing Court. (*Id*. at 24:13-17.) The magistrate judge advised Petitioner that there was no guarantee that that he would be eligible for safety valve relief, which would be contingent upon the Court's determination of his role in the conspiracy. (*Id*. at 33:24-34:2.)

## III. Appointment of New Counsel

At a conference held before this Court on May 24, 2010, the Court granted Petitioner's request that Brackley be relieved and appointed new counsel, Raymond Colon, Esq. ("Colon"),

---

[3] All references to "Docket No. 06-cr-265" are to the criminal case underlying the instant habeas petition.

[4] The safety valve statute, 18 U.S.C. § 3553(f), "provides that district courts may impose sentences below the statutory minimums set forth in 21 U.S.C. §§ 841, 844, 846, 960, and 963, if certain factors are present. Specifically, a district court may sentence a defendant without regard to the statutory minimum in such cases if: (1) the defendant does not have more than one criminal history point under the [United States Sentencing] Guidelines; (2) the defendant did not use violence, a credible threat of violence, or did not possess a firearm or other dangerous weapon (or induce another to do so) in connection with the offense; (3) the offense did not result in death or serious injury; (4) the defendant was not an organizer, leader, manager, or supervisor of the offense as determined under the Guidelines and was not involved in a continuing criminal enterprise; and (5) the defendant provided the government, no later than the sentencing hearing, with all information and evidence concerning the offense known to him." *United States v. Holguin*, 436 F.3d 111, 115 (2d Cir. 2006).

from the Criminal Justice Act Panel. (May 2010 Tr. at 3:1-5:3.) However, the Court would not accept Petitioner's August 21, 2009 guilty plea because, based on the co-conspirators' credible trial testimony, Petitioner falsely minimized his role in the drug conspiracy. (*Id*. at 6:1-7.) The Court stated that the evidence adduced at the trial of the co-conspirators revealed that Petitioner was a drug supplier for Hiciano and that his auto body shop also served as a storage facility for large quantities of cocaine. (*Id*. at 6:25-7:2, 7:16-18.) The Court advised Petitioner that he would be afforded an opportunity to consult with his newly appointed counsel to address all of the issues concerning his guilty plea. (*Id*. at 8:24-9:1.) The matter was then adjourned to July 9, 2010 for a status conference before this Court. (*Id*. at 18:3-21.)

## IV. July 9, 2010 Status Conference

On July 9, 2010, Colon informed the Court that, after a thorough discussion with Petitioner, Petitioner was prepared to allocute in a manner deemed consistent with the facts. (July 9, 2010 Status Conference Transcript ("July 2010 Tr.") at 4:25-5:18, Dkt. Entry No. 4-3.) Colon also told the Court that he explained to Petitioner that safety valve relief would unlikely be available to him because he would most likely be viewed as a supervisor in the narcotics conspiracy. (*Id*. at 10:10-19.) The matter was then adjourned to September 28, 2010 for a guilty plea. (*Id*. at 17:16-17.)

## V. Second Guilty Plea

On September 28, 2010, Petitioner pled guilty before this Court to conspiracy to distribute and possess with intent to distribute cocaine base, cocaine and Ecstasy, which comprised Count 1 of the indictment, without a written plea agreement. Colon advised the Court that Petitioner did not understand the original plea agreement that he signed and, accordingly, Colon was not comfortable with Petitioner being bound by the provisions contained therein. (Transcript of Guilty

4

Plea, September 28, 2010 ("Second Plea Tr.") at 4:10-5:15, Docket No. 06-cr-265, Dkt. Entry No. 455.)

The Court advised Petitioner that it would accept his plea allocution without a written plea agreement. The Court also advised Petitioner, *inter alia*, that he might not be eligible for safety valve relief based on evidence adduced at the co-conspirators' trial that he was in possession of a firearm in connection with the narcotics conspiracy. (*Id*. at 11:10-13.) The Court further specifically informed Petitioner that if it was determined that he was ineligible for safety valve relief, the Court statutorily could not impose a sentence that is less than ten (10) years. (*Id*. at 12:25-13:4.)

During his plea allocution, Petitioner admitted, under oath, that, between 2002 and 2006, he engaged in multiple drug transactions with Hiciano involving several kilograms of cocaine. (*Id*. at 44:7-25.) Specifically, Petitioner admitted that he had sold kilograms of cocaine to Hiciano, who would often deploy his girlfriend, Yanira Sanchez ("Sanchez"), to Petitioner's house to retrieve the drugs. (*Id*. at 44:7-10.) On numerous occasions, Hiciano himself would either come to Petitioner's house or Petitioner's auto body shop to retrieve the drugs. (*Id*. at 44:14-17.) At times, Petitioner would deliver the drugs to Hiciano's house. (*Id*. at 44:11-13.) Petitioner further admitted that his initial drug sales to Hiciano consisted of smaller quantities of cocaine in the three-hundred (300) to four-hundred (400) gram range and later graduated to kilogram quantities of the drug. (*Id*. at 44:23-45:2.)

VI. **Sentencing**

On April 1, 2011, Petitioner appeared for sentencing and Colon conceded that a sentence guideline enhancement was appropriate due to Petitioner's supervisory role in the conspiracy. (Sentencing Transcript ("Sent. Tr.") at 10:10-12, Dkt. Entry No. 4-5.) However, Colon expressed

5

concern that Petitioner was unable to avail himself of all opportunities to receive a more favorable sentence because of "puzzling" strategic decisions made by Brackley at the time. (*Id*. at 9:24-10:1, 10:24-25.) Colon specifically was troubled by Brackley's decision not to pursue a cooperation agreement with the government. (*Id*. at 10:1-7.)

The government explained to the Court that the reason neither the government nor Brackley pursued cooperation was Petitioner's own minimization of his role in the conspiracy and his unwillingness to acknowledge his guilt around the time of the initial plea. (*Id*. at 18:14-19:14.) Colon thanked the government for its clarity on that issue and accepted the explanation. (*Id*. at 20:11-16.)

Prior to sentencing, the U.S. Probation Department recommended that Petitioner should receive a three-level enhancement from a base offense level of thirty-six (36) for his leadership role in the conspiracy. (*Id*. at 7:22-8:1.) The Probation Department further recommended that Petitioner be granted a three-level reduction for acceptance of responsibility, thus bringing the calculation of his total offense level to thirty-six (36). Based on this total offense level and his criminal history category of one, the sentence guidelines range calculated by the Probation Department, and set forth in the Presentence Report ("PSR"), was 188 to 235 months. (*Id*. at 12:18-20.)

However, the Court found that a "two-point role enhancement" was more appropriate, thus bringing the total offense level down to thirty-five (35). (*Id*. at 12:15-18.) This change reduced the guidelines range to 168 to 210 months from the range calculated by the Probation Department. (*Id*. at 12:18-20.)

The Court further explained that Petitioner was ineligible for safety valve relief because of the threats he made to Hiciano in the Dominican Republic. (*Id*. at 13:9-14:1.) Notwithstanding

6

his concession to the veracity of Petitioner's threats, Colon asked the Court to consider the violence that Petitioner endured himself, which motivated him to make those threats, as a mitigating factor in the sentencing. (*Id*. at 14:11-15:16.) The Court imposed the statutory mandatory minimum sentence of 120 months as a non-guidelines sentence with five (5) years of supervised release. (*Id*. at 33:3-5.)

## VII. Appeal

On July 9, 2012, the Second Circuit affirmed Petitioner's conviction on direct appeal. *See Valerio*, 472 F. App'x. 61. In the habeas petition at issue, Petitioner contends that Brackley provided ineffective assistance because he did not pursue a cooperation agreement with the government on Petitioner's behalf.

## DISCUSSION

### I. Standard of Review for Ineffective Assistance of Counsel Claim

Under the Sixth Amendment, criminal defendants "shall enjoy the right . . . to have the Assistance of Counsel for [their] defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness" measured by "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). A "reasonable probability" of a different result is a "probability sufficient to undermine confidence in the outcome." *Id*.

"The burden of establishing both constitutionally deficient performance and prejudice is on the defendant." *United States v. Birkin*, 366 F. 3d 95, 100 (2d Cir. 2004) (citing *Strickland*,

466 U.S. at 687). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Generally, "strategic choices made by counsel after a thorough investigation of the facts and law are 'virtually unchallengeable,' though strategic choices 'made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Thomas v. Kuhlman*, 255 F. Supp. 2d 99, 107 (E.D.N.Y. 2003) (quoting *Strickland*, 466 U.S. at 690-91).

## II. Application

### A. Ineffective Assistance of Counsel Claim

Brackley's failure to pursue a cooperation agreement with the government on Petitioner's behalf did not constitute ineffective assistance of counsel. *See United States v. Berger*, 188 F. Supp. 2d 307, 332-33 (S.D.N.Y. 2002) (counsel's alleged failure to obtain a cooperation agreement from the government for defendant did not constitute ineffective assistance of counsel since the government had no interest in entering into such an agreement). In *Berger*, notwithstanding the defendant's repeated attempts to cooperate with the government's securities fraud investigation, "the [g]overnment declined to enter into a cooperation agreement with him." *Id*. at 312. Here, as in *Berger*, Petitioner cannot identify any specific errors by Brackley that led to the government's lack of interest in pursuing a cooperation agreement. *Id*. at 332. In fact, the government expressed reservations about entering into a cooperation agreement with Petitioner because of his initial unwillingness to acknowledge responsibility for the totality of his role in the narcotics conspiracy. (Sent. Tr. at 18:14-19:14.) Indeed, Petitioner, under oath, minimized his role in the drug conspiracy during his first plea allocution before the magistrate judge by stating that he arranged the distribution of one kilogram of cocaine for a customer of his auto body shop in exchange for

$2,000.00 that Petitioner planned to use to pay his mother's medical bills. (First Plea Tr. at 27:3-29:16, Docket No. 06-cr-265.) Brackley served as Petitioner's counsel during that first allocution and did not object to Petitioner's characterization of his role in the conspiracy, thus showing that Petitioner may not have been truthful with Brackley either about his involvement in the conspiracy during the course of his representation. Therefore, Petitioner has failed to establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Accordingly, Petitioner has failed to show any basis for § 2255 relief and the petition is denied.

### B. Evidentiary Hearing

Petitioner's request for an evidentiary hearing is also denied. "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he had a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000)). "Rule 4(b) of the Rules Governing § 2255 Proceedings further provides that '[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" *Id*. (quoting Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 281 U.S.C. foll. § 2255). Upon reviewing the evidentiary proffers and the record in the light most favorable to the petitioner, the district court must determine whether the petitioner "may be able to establish a prima facie case for relief at an evidentiary hearing." *Id*. Here, even viewing the record in the light most favorable to Petitioner, it is clear that Petitioner would not be able to establish a prima facie case for habeas relief at an evidentiary hearing. As noted above, Petitioner's claim that he received ineffective assistance of counsel because Brackley failed to zealously pursue

a cooperation agreement with the government is insufficient where the proceedings show that the government was not willing to entertain such an agreement with Petitioner due to his inability to acknowledge the full scope of his involvement in the narcotics conspiracy. Petitioner's mendacity with respect to his involvement in the conspiracy renders implausible his claim that Brackley's performance was deficient or prejudiced him. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion is denied in its entirety. Petitioner is further denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2016

/s/
DORA L. IRIZARRY
United States District Judge